IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00746-CMA

PAUL LOOSE and
MEGAN LOOSE,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS SERVICING, LP,
and JOHN DOE'S 1-5,

    Defendants.

## ORDER REMANDING CASE

This matter comes before the Court *sua sponte*.

Plaintiff sued Defendant in Clear Creek County District Court, bringing various claims for trespass, negligence, statutory damages, outrageous conduct, and breach of contract in connection with Defendants' allegedly unlawful possession of and foreclosure on certain residential property owned by Plaintiffs. In their complaint, Plaintiffs state that their claim exceeds $15,000. (Doc. # 1-1, ¶ 14.) Defendant Countrywide Home Loans Servicing, LP ("Countrywide") then removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] As to diversity

---

[1] 28 U.S.C. § 1332(a) provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

of citizenship, there is no dispute. Plaintiffs are citizens of Colorado; Defendant Countrywide is a Texas limited partnership. As to the amount in controversy, however, there is a problem.

The amount in controversy is ordinarily determined by the allegations of the complaint or by the allegations in the notice of removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). However it is done, a removing defendant must "prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).

The "preponderance of evidence" standard is not difficult to meet; yet, other than the Complaint, Defendant Countrywide provides *no* evidence. Citing the Civil Case Cover Sheet, Defendant states in its Notice of Removal that the "amount in controversy, exclusive of interest and costs, exceeds $75,000" because "Plaintiffs claim the total sum of [damages arising from damaged personal property, emotional distress, loss of quality and enjoyment of life, and breach of contract] is in excess of $100,000." (Doc. # 1, ¶¶ 7, 10.) However, Plaintiffs' Complaint contains no such figures. Defendant's matter-of-fact averment that the $75,000 amount-in-controversy threshold of Section 1332 will not do.[2] As Defendant is aware, "removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins.*

---

[2] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Also see Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."); *TIC-The Industrial Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00763, 2009 WL 1796071, *1 (D. Colo. June 23, 2009) (noting the case had been remanded previously because of the removing defendant's "matter-of-fact averment").

*Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). Further, any such attempt to quantify the requested damages would be improper speculation. *See Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-1656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (citing *Klein v. State Farm Mut. Auto Ins. Cos.*, No. 08-cv-2257, 2008 WL 4948775 (D. Colo. Nov. 18, 2008) ("conclusory assertions or outright speculation as to the amount potentially recoverable under a given theory will not suffice."). Further, even though Plaintiff seeks treble damages, the Court has no way to determine the base amount of such damages, and any such attempt would also be sheer speculation. *Id.* at *2.

Accordingly, because Defendant has failed to prove the amount in controversy by a preponderance of evidence, the Court must remand this case to state court. *See* 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that this action is REMANDED to the Clear Creek County District Court.

DATED: April __19__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge